FILED
2015 May-20 PM 03:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

Jeff and Marlene Hart, Plaintiffs *in Propria Persona*
112 Vine Street
Savannah, Tennessee 38372

FILED
2015 MAY 19 P 2:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA (BIRMINGHAM)

JEFF AND MARLENE HART,

    PLAINTIFFS

v.                                                         CASE NO. _____

RICKY L. WOOD AS SUBSTITUTE TRUSTEE
AND WOOD LAW OFFICES, P.C. AND THE                CV-15-TMP-0828-S
HARDIN COUNTY BANK AND RICKY L. WOOD
AND JOHN DOES 1 – 10

    DEFENDANTS
_____/

## COMPLAINT

### COUNT I – COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Come now the plaintiffs Jeff and Marlene Hart and sue the defendant THE HARDIN COUNTY BANK for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The mailing address of the collateralized property is 112 Vine Street, Savannah, Tennessee.

**Plain Statement of Cause of Action**

On or about the date of October 1, 2008 a promissory note and trust deed naming THE HARDIN COUNTY BANK as lender and mortgagee of record, and Gordon Majors as trustee, were prepared and subsequently, recorded in Hardin County, Tennessee on the date of October 1st 2008, Book 253, Page 488, in the face value amount of $47,113.06.

The defendants served a notice of trustee sale, a copy of which is attached, upon the plaintiff on or about the date of December 21st, 2014, and the attempted sale is imminent. It was scheduled for January 14th, 2015 but was postponed due to an automatic stay.

Plaintiff entered into a collateral agreement known as a trust deed involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This trust deed did not name or confer any power of foreclosure upon the defendants.

At some time after this trust deed was recorded, the defendant began attempting to foreclose under the terms of the trust deed, as if it were the holder or in control of then note and trust deed, yet it is not because the defendant is not the holder of the note to which the trust deed is attached.

The Defendant has begun attempting to collect this debt from the Plaintiff.

The Defendant also threatened to sue the Plaintiff without any intention of actually doing so, stating that it would take the home of the plaintiffs, evict them, and then sue them for the unsecured balance and report any unpaid debts to the Internal Revenue Service and taxable income.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting him.

The Plaintiffs have suffered actual damages as a result of the defendants' attempted foreclosure of plaintiff's property, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

The defendants have somehow acquired the personal and banking information of each of the plaintiffs and have used that information for their own personal gain and benefit without any permissible purpose.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

A.  An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B. An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);

C. An award of actual damages;

D. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

## COUNT II – COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Come now the plaintiffs Jeff and Marlene Hart and sue the defendant WOOD LAW OFFICES, P.C. for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The plaintiffs reside in Hardin County, Tennessee, for all times material to this complaint.

The defendant is a professional corporation that is resident in the state of Tennessee and is currently doing business in the County of Hardin, Tennessee.

The mailing address of the collateralized property is 112 Vine Street, Savannah, Tennessee.

**Plain Statement of Cause of Action**

On or about the date of October 1, 2008 a promissory note and trust deed naming THE HARDIN COUNTY BANK as lender and mortgagee of record, and Gordon Majors as trustee, were prepared and subsequently, recorded in Hardin County, Tennessee on the date of October 1st 2008, Book 253, Page 488, in the face value amount of $47,113.06.

The defendant has sent written demands to the plaintiff to pay money in order to prevent the foreclosure sale of their home. The defendant is not a party to any trust deed under which the foreclosure would be required to be undertaken.

The defendants served, or caused to be served, a notice of trustee sale, a copy of which is attached, upon the plaintiff on or about the date of December 21st, 2014, and the attempted sale is imminent. It was scheduled for January 14th 2015 but delayed due to an automatic stay order.

Plaintiff entered into a collateral agreement known as a trust deed involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This trust deed did not name or confer any power upon the defendants.

At some time after this trust deed was recorded, the defendant began attempting to foreclose under the terms of the trust deed, as if it were the holder or in control of the note and trust deed, yet it is not because the defendant is not the holder of the note to which the trust deed is attached.

The Defendant has begun attempting to collect this debt from the Plaintiff.

The Defendant also threatens to sue the Plaintiffs without any intention of actually doing so, stating that it would take the home of the plaintiffs, evict them, and then sue them for the unsecured balance and report any unpaid debts to the Internal Revenue Service as taxable income.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting him.

The Plaintiffs have suffered actual damages as a result of the defendant's attempted foreclosure of plaintiff's property, including a cloud against the plaintiffs' property that confuses the title and persons entitled with a security interest in that title, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

The defendant has somehow acquired the personal and banking information of each of the plaintiffs and have used that information for their own personal gain and benefit without any permissible purpose.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

A. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B. An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);

C. An award of actual damages;

D. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

**COUNT III – COMPLAINT – DISCLOSURE AND PROCEDURAL VIOLATIONS OF THE REAL ESTATE & SETTLEMENT PROCEDURES ACT, 12 U.S.C, §§ 2601 et seq.**

This is an action for damages brought by individual consumers, Jeff and Marlene Hart, the Plaintiffs, who now sue THE HARDIN COUNTY BANK, individually and collectively, (henceforth "foreclosing party" or "defendants") for violations the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq. ("RESPA").

Specifically, Plaintiffs seek the remedies as provided in RESPA for Defendant's failures to respond to requests for the identity of the creditors of Plaintiff's mortgage loans as required by 12 U.S.C. § 2605(e).

This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C §§157(b)(2), 1334.

The plaintiffs reside in Hardin County, Tennessee for all times material to this complaint.

The defendant is currently doing business in the State of Tennessee.

This is an action for damages in excess of $75,000.

This court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. § 1367.

This Court has jurisdiction to hear the claims for relief under the Real Estate Settlement Procedures Act pursuant to 12 U.S.C. § 2614.

Venue lies in this District pursuant to of 28 U.S.C. § 1391(b).

Each of the plaintiffs is a natural person residing in Hardin County, Tennessee at the address of 112 Vine Street, Savannah, Tennessee.

Plaintiff re-alleges the statements made previously regarding the note and trust deed.

To the best of Plaintiff's knowledge, information and belief, this mortgage lien is serviced by one or more of the named defendants but that is uncertain as this information is not available to the plaintiff and partially forms the basis of this complaint.

On or about the date of October 1, 2008 a promissory note and trust deed naming THE HARDIN COUNTY BANK as lender and mortgagee of record, and Gordon Majors as trustee, were prepared and subsequently, recorded in Hardin County, Tennessee on the date of October 1st 2008, Book 253, Page 488, in the face value amount of $47,113.06.

Plaintiff believes and therefore alleges that the true holder and owners of the note relating to this mortgage lien is or are unknown and defendants have refused to disclose this information.  It is possible that the note no longer exists and was deliberately destroyed by the defendant.

The mortgage lien is a "federally related mortgage loan" as defined in 12 U.S.C. §2602(1) and therefore subject to RESPA.

The plaintiff re-alleges each of the foregoing allegations and incorporates each by reference into the following.

Plaintiff's "qualified written request" to the defendants is defined in §6(e)(1)(B) of the Real Estate Settlement Procedures Act ("RESPA") [12 U.S.C. 2605(e)(1)(B)] and has the dual effect of invoking Plaintiff's rights under RESPA §6(e)(1).

This is an action for damages in excess of $75,000.

This court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. § 1367.

This Court has jurisdiction to hear the claims for relief under the Real Estate Settlement Procedures Act pursuant to 12 U.S.C. § 2614.

Venue lies in this District pursuant to of 28 U.S.C. § 1391(b).

Each of the plaintiffs is a natural person residing in Hardin County, Tennessee at the address of 112 Vine Street, Savannah, Tennessee.

Plaintiff re-alleges the statements made previously regarding the note and trust deed.

On or about the date of October 1, 2008 a promissory note and trust deed naming THE HARDIN COUNTY BANK as lender and mortgagee of record, and Gordon Majors as trustee, were prepared and subsequently, recorded in Hardin County, Tennessee on the date of October 1st 2008, Book 253, Page 488, in the face value amount of $47,113.06.

To the best of Plaintiff's knowledge, information and belief, this mortgage lien is serviced by one or more of the named defendants but that is uncertain as this information is not available to the plaintiff and partially forms the basis of this complaint.

Plaintiff believes and therefore alleges that the true holder and owners of the note relating to this mortgage lien is or are unknown and defendants have refused to disclose this information.  It is possible that the note no longer exists and was deliberately destroyed by one of the foreclosing parties.

The mortgage lien is a "federally related mortgage loan" as defined in 12 U.S.C. §2602(1) and therefore subject to RESPA.

The plaintiff re-alleges each of the foregoing allegations and incorporates each by reference into the following.

Defendant failed to acknowledge receipt of the Qualified Written Request within 20 days as required by U.S.C. Section 2605(e)(1)(A) as amended effective July 16, 2010 by the Dodd-Frank Financial Reform Act and Reg. X Section 3500.21(e)(1).

Defendant failed to identify the owner of the note within 10 days of receipt of the letter as required by 12 U.S.C. 2605(k) as amended effective July 16, 2010 by the Dodd-Frank Financial Reform Act and as recently as of this date has failed to respond as required by the Real Estate and Settlement Procedures Act, thus violating 12 U.S.C. §2605(e)(1).

Plaintiffs demand a jury trial.

WHEREFORE, the Plaintiffs having set forth his claims for relief against the Defendant respectfully prays of the Court as follows:

That the Plaintiffs be granted relief provided by RESPA as to the violation of RESPA set forth above, including statutory damages in the amount of $2,000.00; and That the Plaintiff be granted actual damages if any be proven, reasonable attorney's fees, and costs expended in this proceeding; and that the Plaintiff have such other and further relief as the Court may deem just and proper.

## COUNT IV – AMENDED COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Come now the plaintiffs Jeff and Marlene Hart and sue the defendant RICKY L. WOOD AS SUBSTITUTE TRUSTEE for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The plaintiffs reside in Hardin County, Tennessee, for all times material to this complaint.

The defendant is an individual doing business as "substitute trustee" for an unknown and unidentified trust. His principal place of business appears to be within the State of Tennessee and is currently doing business in the County of Hardin.

The mailing address of the collateralized property is 112 Vine Street, Savannah, Tennessee.

**Plain Statement of Cause of Action**

On or about the date of October 1, 2008 a promissory note and trust deed naming THE HARDIN COUNTY BANK as lender and mortgagee of record, and Gordon Majors as trustee, were prepared and subsequently, recorded in Hardin County, Tennessee on the date of October 1st 2008, Book 253, Page 488, in the face value amount of $47,113.06.

The defendant is not a trustee named in the trust deed under which it now seeks to foreclose. The defendant has sent written demands to the plaintiff to pay money in order to prevent the foreclosure sale of their home. The defendant is not a party to any trust deed under which the foreclosure would be required to be undertaken.

The defendants served, or caused to be served, a notice of trustee sale, a copy of which is attached, upon the plaintiffs on or about the date of December 21st, 2014, and the attempted sale is imminent. It was scheduled for January 14th 2015 but delayed due to an automatic stay order.

Plaintiff entered into a collateral agreement known as a trust deed involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This trust deed did not name or confer any power of foreclosure upon the defendant.

At some time after this trust deed was recorded, the defendant began attempting to foreclose under the terms of the trust deed, as if it was the holder or in control of then note and trust deed, yet it is not because the defendant is not the holder of the note to which the trust deed is attached and does not have the power of sale under the terms of the trust deed.

The Defendant has begun attempting to collect this debt from the Plaintiff.

The Defendant also threatened to sue the Plaintiffs without any intention of actually doing so, stating that it would take the home of the plaintiffs, evict them, and

then sue them for the unsecured balance and report any unpaid debts to the Internal Revenue Service and taxable income.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting him.

The Plaintiffs have suffered actual damages as a result of the defendant's attempted foreclosure of plaintiff's property, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

The defendant has somehow acquired the personal and banking information of each of the plaintiffs and have used that information for their own personal gain and benefit without any permissible purpose.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

A. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B. An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);

C. An award of actual damages;

D. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

**COUNT V – COMPLAINT – DISCLOSURE AND PROCEDURAL VIOLATIONS OF THE REAL ESTATE & SETTLEMENT PROCEDURES ACT, 12 U.S.C, §§ 2601 et seq.**

This is an action for damages brought by individual consumers, Jeff and Marlene Hart, the Plaintiffs, who now sue RICKY L. WOOD AS SUBSTITUTE TRUSTEE, individually and collectively, (henceforth "foreclosing party" or "defendants") for violations the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq. ("RESPA").

Specifically, Plaintiffs seek the remedies as provided in RESPA for Defendant's failures to respond to requests for the identity of the creditors of Plaintiff's mortgage loans as required by 12 U.S.C. § 2605(e).

This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C §§157(b)(2), 1334.

The plaintiffs reside in Hardin County, Tennessee for all times material to this complaint.

**Plain Statement of the Cause of Action.**

The defendant is an individual doing business as "substitute trustee" for an unknown and unidentified trust. His principal place of business appears to be within the State of Tennessee and is currently doing business in the County of Hardin.

Because of defendant's written communication and that it has expressed the intention of foreclosing upon the plaintiffs' property, plaintiffs demanded disclosure of certain records establishing the defendant's presumed rights, authority or secured interests to undertake the foreclosure. No response has been received as of this date.

Plaintiff's "qualified written request" to the defendants is defined in §6(e)(1)(B) of the Real Estate Settlement Procedures Act ("RESPA") [12 U.S.C. 2605(e)(1)(B)] and has the dual effect of invoking Plaintiff's rights under RESPA §6(e)(1).

Defendant failed to acknowledge receipt of the Qualified Written Request within 20 days as required by U.S.C. Section 2605(e)(1)(A) as amended effective July 16, 2010 by the Dodd-Frank Financial Reform Act and Reg. X Section 3500.21(e)(1).

Defendant failed to identify the owner of the note within 10 days of receipt of the letter as required by 12 U.S.C. 2605(k) as amended effective July 16, 2010 by the Dodd-Frank Financial Reform Act and as recently as of this date has failed to respond as required by the Real Estate and Settlement Procedures Act, thus violating 12 U.S.C. §2605(e)(1).

Plaintiffs demands a jury trial.

WHEREFORE, the Plaintiffs having set forth his claims for relief against the Defendant respectfully prays of the Court as follows:

That the Plaintiffs be granted relief provided by RESPA as to the violation of RESPA set forth above, including statutory damages in the amount of $2,000.00; and That the Plaintiff be granted actual damages if any be proven, reasonable attorney's fees, and costs expended in this proceeding; and that the Plaintiff have such other and further relief as the Court may deem just and proper.

### COUNT VI – COMPLAINT FOR REPLEVIN

Now come the plaintiffs Jeff and Marlene Hart, re-allege the foregoing allegations and incorporate each herein, and sue THE HARDIN COUNTY BANK RICKY L. WOOD AS SUBSTITUTE TRUSTEE, for the return of plaintiff's property (replevin) and alleges the following:

This court has jurisdiction as all acts and conduct giving rise to this complaint occurred within the county and state in which this action has been commenced. The plaintiff is a resident of Hardin County, and resides at the address of 112 Vine Street, Savannah, Tennessee. Each of the defendants is an organization that has regular business in this county and state.

The property is identified by this description: A promissory note with a face value of $47,113.06 that was executed by the plaintiff(s) on the date of October 1st, 2008, for the purpose of obtaining title to real estate identified as described in this Complaint, and secured by a trust deed executed on the same day by the same plaintiff and recorded in the public records as explained in this Complaint.

The plaintiffs have equitable title and a legal interest in the note for the amount stated thereon. The plaintiffs believe that the payee of the note has exchanged the note, lost it, or destroyed it, or that it has been mutilated, and that is possibly no longer exists; however, the defendant does claim to have this note.

This note was used as the money to acquire the title to the land described herein and the plaintiffs are the makers and lenders of the money stated on the face of the note. The payee is the borrower of the note.

Defendant obtained possession at some point following the date on which the note was executed and delivered to the predecessor of the defendant.

The plaintiff has more right to possess this property than the defendant.

Defendant obtained possession at some point following the date on which the note was executed and delivered to the predecessor of the defendant.

The plaintiff has more right to possess this property than the defendant.

After notice and demand, defendant has failed or refused to return plaintiff's property and it is still in defendant's possession.

WHEREFORE plaintiff demands judgment in favor of the plaintiff and against the defendants for the immediate return of the plaintiff's property or for the immediate compensation to the plaintiff for the value of the property.

Plaintiff does hereby certify that each has read the pleadings and defenses set forth herein, and that to the best of their knowledge, information and belief, formed after reasonable inquiry, believes that they are well grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that they are not interposed for any improper purpose such as or needlessly increase the cost of litigation.

## COUNT VII – COMPLAINT FOR REPLEVIN

Now come the plaintiffs Jeff and Marlene Hart, re-allege the foregoing allegations and incorporate each herein, and sue JOHN DOES 1 – 10, for the return of plaintiff's property (replevin) and alleges the following:

This court has jurisdiction as all acts and conduct giving rise to this complaint occurred within the county and state in which this action has been commenced. The plaintiff is a resident of Hardin County, and resides at the address of 112 Vine Street, Savannah, Tennessee. Each of the defendants is believed to be an organization or individual that has regular business in Hardin County, within the State of Tennessee.

The plaintiffs believe that the named defendant "JOHN DOES 1 – 10" include unknown individuals who have an undisclosed but substantial interest in the unfair and deceptive collection efforts and other illegal actions undertaken by the other known parties.

On or about the date of October 1, 2008 a promissory note and trust deed naming THE HARDIN COUNTY BANK as lender and mortgagee of record, were prepared and subsequently, recorded in Hardin County, Tennessee on the date of October 1st 2008, Book 253, Page 488, in the face value amount of $47,113.06. The plaintiffs made this note and deposited with the defendant for the purpose of obtaining title to real estate identified as described in this Complaint. The payment terms of the note were secured by a trust deed executed on the same day by the same plaintiff and recorded in the public records as explained in this Complaint.

The plaintiffs have equitable title and a legal interest in the note for the amount stated thereon. The plaintiff believe that the payee of the note has exchanged the note, lost it, or destroyed it, or that it has been mutilated, and that is possibly no longer exists; however, the defendant does claim to have this note.

This note was used as the money to acquire the title to the land described herein and the plaintiffs are the makers and lenders of the money stated on the face of the note. The payee is the borrower of the note.

Defendant obtained possession at some point following the date on which the note was executed and delivered to the predecessor of the defendant.

The plaintiff has more right to possess this property than the defendant.

After notice and demand, defendant has failed or refused to return plaintiff's property and it is still in defendant's possession.

WHEREFORE plaintiff demands judgment in favor of the plaintiff and against the defendants for the immediate return of the plaintiff's property or for the immediate compensation to the plaintiff for the value of the property.

Plaintiff does hereby certify that each has read the pleadings and defenses set forth herein, and that to the best of their knowledge, information and belief, formed after reasonable inquiry, believes that they are well grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that they are not interposed for any improper purpose such as or needlessly increase the cost of litigation.

Dated this 15 day of May, 2015.

_____
Jeff Hart, Plaintiff

_____
Marlene Hart, Plaintiff

Jeff and Marlene Hart, Plaintiffs *in Propria Persona*
112 Vine Street
Savannah, Tennessee 38372

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA (BIRMINGHAM)

JEFF AND MARLENE HART,

**PLAINTIFFS**

v.                                                     CASE NO. _____

WOOD LAW OFFICES, P.C. AND THE HARDIN COUNTY BANK AND RICKY L. WOOD AS SUBSTITUTE TRUSTEE AND RICKY L. WOOD AND JOHN DOES 1 – 10

**DEFENDANTS**

_____/

## CERTIFICATE OF SERVICE

I Jeff Hart hereby certify that a true and correct copy of the foregoing was duly served upon the defendants, to each of their attorneys, at the addresses appearing herein, via first class mail on this _15_ day of May, 2015.
Fed-ex

| | |
|---|---|
| Wood Law Offices, P.C. | The Hardin County Bank |
| 36 Tennessee Avenue S | 235 Wayne Road |
| Parsons, TN 38363 | Savannah, TN 38372 |
| | |
| Ricky L. Wood as Substitute Trustee | Ricky L. Wood |
| 36 Tennessee Avenue S | 36 Tennessee Avenue S |
| Parsons, TN 38363 | Parsons, TN 38363 |

By: _____